UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TEDDY L. SPEARMAN                           DOC. NO. 10-CV-1712

VERSUS                                      JUDGE DEE D. DRELL

FEDERAL BUREAU OF PRISONS, ET AL.   MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION
TO DISMISS SOME OF PLAINTIFF'S CLAIMS

Before the Court is the *pro se* complaint of Plaintiff Teddy L. Spearman, filed *in forma pauperis* and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons ("BOP"), and he is incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Plaintiff complains that he was denied adequate medical care after he was attacked by a group of inmates at USP-P. He also mentions the filing of a tort claim regarding lost property. He names as defendants the Bureau of Prisons, Warden Joe Keffer, Lt. Headspeadth, Officer Pennywell, and Doctor Joel Alexander.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

**STATEMENT OF THE CASE**

Plaintiff alleges that, on or about January 20, 2009, he was sent to Lt. Headspeadth's office by Officer Pennywell due to an altercation between Plaintiff and his cellmate. Headspeadth told Plaintiff's cellmate that if anything happened to Plaintiff, he would be held responsible and locked down. Headspeadth told Plaintiff that due to overcrowding there was nothing more she could do about Plaintiff's cell assignment. She told Pennywell to keep an eye on Plaintiff due to the precarious situation. [Doc. #1-2, p.3] Plaintiff states that Pennywell was under investigation in January and February of 2009 for violating prison rules.

On February 11/22, 2009, while housed in unit C-3, Plaintiff was assaulted by several inmates who attempted to kill him in front of his cell. The inmates "entered said unit from the compound through the metal detector with weapons undetected" due to Officer Pennywell's reckless conduct in abandoning his post. [Doc. #1-2 p.3] Plaintiff suffered serious head injuries for which he underwent emergency surgery, as well as a broken leg that required surgical implantation of rods and plates to repair. [Doc. #1-2 p.3] Plaintiff was returned to USP-P on February 13, 2009. Plaintiff claims that Lieutenant Headspeadth failed to act despite having first hand knowledge of the risk to Plaintiff.

Plaintiff claims that just five days out of surgery, he was forced out of prison observation hospital room into a cell in the

special housing unit ("SHU"). [Doc. #1-2, p.5] He was placed in a regular cell where he had to hop up a step to get in the shower and then shower while trying to stand on one leg and not put pressure on the other leg. [Doc. #1-2, p.8] He claims that he should have been assigned a handicap-accessible cell or at least have been provided a chair or bench in the shower for assistance. [Doc. #1-2., p.5-6] Plaintiff claims that he was forced to reside in a non-handicap accessible cell until May 19, 2009, at which time the cell was finally partially equipped for his condition. [Doc. #1-2, p.5]

Plaintiff states that he was denied physical therapy for over two months. Then, when he finally saw the therapist on April 2, 2009, he arrived using a single crutch and walking with leg shackles. The therapist noted, "The patient has been weight-bearing on the right [lower extremity] with one crutch for assistance. Instructed patient on [no weight bearing] status until further instruction by the physician." [Doc. #1-3, p.14]

Plaintiff was instructed to do specific exercises by the orthopedist on April 2, 2009, but he was denied recreation for almost three months thereafter. [Doc. #1-3, p.36]

Plaintiff alleges that Defendants refused to allow him to consult with a neurologist and ophthalmologist following his head injury, which has resulted in prolonged severe headaches and distorted vision. [Doc. #1-2, p.6]

On July 23, 2009, Plaintiff spoke with the warden in the SHU.

3

The warden questioned Physician Assistant Willie Vasquez about Plaintiff's condition. Vasquez reported that a CT scan done on February 11, 2009 showed normal findings, so there was no medical indication for a neurological consultation. Plaintiff claims this is deliberate indifference because the defendants ignored an obvious danger by denying him the neurological consultation. Vasquez told Plaintiff he could have migraine headaches and visual distortion for the rest of his life. Plaintiff alleges that he suffers nerve damage in the back of his head as a result of the denial of medical care. He also claims that, due to the lack of proper care and denial of exercise, his leg did not heal properly and has a permanent deformity.

Plaintiff also complains that he should not have been transferred to another penitentiary when he was under so many physical restrictions by the doctor. Pollock failed to send his medical records to USP-Atwater. Moreover, because Atwater is a "care level one institution" it was not equipped to deal with Plaintiff's condition. [Doc. 1-2, p.6-7]

Finally, Plaintiff presents complaints regarding the condition of his confinement at USP-Atwater.

## LAW AND ANALYSIS

### A. Bureau of Prisons as Defendant

Plaintiff names the Federal Bureau of Prisons ("BOP") as a defendant in his Bivens claim. However, a plaintiff may not bring

suit for damages against a federal agency under Bivens. See See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1984)(noting that Bivens applies to individual agents, not agencies). Thus, Plaintiff's claim against the BOP should be dismissed.

**B.  FTCA Claim**

Plaintiff submitted a copy of a federal tort claim form complaining that he lost property while when he was transferred to the outside hospital after the assault. However, the United States retains it's sovereign immunity with respect to such law suits. In Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008), the Supreme Court affirmed the dismissal of a FTCA claim filed by a federal prisoner seeking to recover damages for personal property lost during his transfer from one correctional facility to another. Clearly this court lacks jurisdiction to adjudicate plaintiff's lost property claim under the FTCA. Any such claim should be dismissed.

**C.  Claims related to care at USP-Atwater**

Plaintiff complains about care received at USP-Atwater, where he is currently housed. Plaintiff must raise those claims in a separate complaint filed in the District Court for the judicial district in which the defendants reside or where the actions complained of took place.

5

### D. Warden Keffer

Plaintiff makes a conclusory statement that Warden Keffer "carried out policy or practice that deprived me of my constitutional right to be free from cruel and unusual punishment while under his custody and control...." Plaintiff does not identify any such policy or practice. To the extent that Plaintiff claims Keffer is liable as supervisor of the defendants, his claim should be dismissed. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995).

Plaintiff also complains that Keffer did not file criminal charges against the inmates who assaulted him. Plaintiff has no constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

### CONCLUSION

For the foregoing reasons, it is **recommended** that **Plaintiff's claims against the Bureau of Prisons and Warden Keffer be dismissed** for failure to state a claim for which relief can be granted, as

well as **any claims related to individuals or events at USP-Atwater**. It is also **recommended** that **Plaintiff's FTCA claim be dismissed**, to the extent that Plaintiff intended to bring one. *Plaintiff's claims against Lt. Headspeadth, Officer Pennywell, and Dr. Joel Alexander will be served in accordance with a separate court order.*

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of February, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE